# EXHIBIT A

# Commonwealth of Massachusetts
## Dedham District Court
631 High Street
Dedham, MA 02026
(781) 329-4777

VINCENT VAIANO,
**PLAINTIFF(S),**

CIVIL No. 2454CV00276

v.

SYNCHRONY FINANCIAL, ET AL.
**DEFENDANT(S)**

COP~ ~ **SUMMONS**

THIS SUMMONS IS DIRECTED TO SYNCHRONY FINANCIAL.
(Defendant's name)

    **1. This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Dedham Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

    **2. You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to **both** the "Clerk's Office for Civil Business, Dedham District Court, 631 High Street, Dedham, MA 02026" **and** to the individual below:

VINCENT VAIANO, at 95 UNIVERSITY AVE UNIT 2128, WESTWOOD, MA 02090
(name of Plaintiff or Plaintiff's attorney)    (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

    **3. Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

    **4. You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days.** Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Michael J. Pomarole, First Justice on _____, 20____.

(SEAL)

_____
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### RETURN OF SERVICE
(for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

□ Last and usual at (address)*

_____          _____
                                                    (signature)

_____
(name and title)

□ In hand

_____
(address)

□ Other:

*Please place date you make service in this box and on copy served on defendant and return original to this Court:*

_____

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

**VINCENT VAIANO**
**95 UNIVERSITY AVE APT 2128**
**WESTWOOD, MA 02090**
**404 386 5378**
**sparky.anderson7576@gmail.com**

MAY 20, 2024

CIVIL CLERK
DEDHAM DISTRICT COURT
631 HIGH STREET
DEDHAM, MA 02026

RE: VAIANO V SYNCHRONY FINANCIAL, ET AL.

Dear Sir or Madam:

I have enclosed for you review and docketing the original complaint in this matter and the Statement of Damages.

Thank you for your assistance and consideration.

RESPECTFULLY,

Vincent Vaiano

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A(a) | DOCKET NO. ~~JAV~~<br>~~2354CV00~~<br>2454CV00276 | Trial Court of Massachusetts |  |
|---|---|---|---|

| PLAINTIFF(s)<br>VINCENT VAIANO | DEFENDANT(s)<br>SYNCHRONY FINANCIAL, ET AL. | DATE FILED<br>5/20/2024 |
|---|---|---|

**INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.**

COURT DIVISION
Dedham District Court ▼

| TORT CLAIMS | AMOUNT |
|---|---|
| A.  Documented medical expenses to date: | |
| 1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ | |
| 2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ | |
| 3. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ | |
| 4. Total physical therapy expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ | |
| 5. Total other expenses (describe) _____ $ _____ | |
| _____ | |
| SUBTOTAL: | $ _____ |
| B.  Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . . . . | $ _____ |
| C.  Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| D.  Reasonably anticipated future medical and hospital expenses: . . . . . . . . . . | $ _____ |
| E.  Reasonable anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| F.  Other documented items of damage (describe): _____ | $ 40,000.00 |
| _____ | |
| G.  Brief description of Plaintiff's injury, including nature and extent of injury:<br>INT. INFLICTION OF EMOTIONAL DISTRESS, NEG. INFLICTION OF EMOTIONAL DISTRESS,<br>93a CLAIMS | |

*For this form, disregard double or treble damage claims; indicate single damages only.*     **TOTAL:** $  40,000.00

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| ☐ **This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)** | |
| Provide a detailed description of the claim(s): DEFENDANT BREACHED THE | $ 10,000.00 |
| CONTRACT BETWEEN THE PARTIES | $ _____ |
| _____ | $ _____ |

*For this form, disregard double or treble damage claims; indicate single damages only.*     **TOTAL:** $  50,000.00

ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF)

SIGNATURE *Vinit Vaiano*          DATE 5/20/2024

PRINT OR TYPE NAME
VINCENT VAIANO                    B.B.O.#

ADDRESS
95 UNIVERSITY AVE, UNIT 2128
WESTWOOD, MA 02090

DEFENDANT'S NAME AND ADDRESS:
SYNCHRONY FINANCIAL
777 LONG RIDGE RD
STAMFORD, CT 06902

**CERTIFICATION PURSUANT TO SJC RULE 1:18:** I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record: *Vinit Vaiano*          Date: 5/20/24

SYNCHRONY BANK
170 W. ELECTION ROAD
DRAPER, UT 84020

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**

**TRIAL COURT DIVISION
DEDHAM DISTRICT COURT
CA# 2454 CV 00276**

| | |
|---|---|
| VINCENT VAIANO | ) |
|     Plaintiff | ) |
| Vs. | ) |
| | ) |
| SYNCHRONY FINANCIAL, ET AL. | ) |
| SYNCHRONY BANK | ) |
|     DEFENDANTS | ) |

COPY

## COMPLAINT

## JURISDICTION

1. The plaintiff, VINCENT VAIANO, ("VAIANO") at all times relevant hereto, was a resident of 95 UNIVERSITY AVE, UNIT 2128 in Westwood, Norfolk County, Massachusetts.

2. Because the plaintiff is a resident of the town of Westwood, the appropriate Court with jurisdiction over this matter is the Dedham District Court, within Norfolk County in the Commonwealth of Massachusetts.

## PARTIES

3. The plaintiff is a resident of 95 University Ave. Unit 2128, Westwood, MA, 02090 in the County of Norfolk within the Commonwealth of Massachusetts

4. The defendant, SYNCHRONY FINANCIAL ("SYNCHRONY") upon information and belief OWNS CO-DEFENDNAT SYNCHRONY BANK AND conducts business within Norfolk County and has a place of business at 777 LONG RIDGE ROAD, STAMFORD, CT 06902

5. THE DEFENDANT SYNCHRONY BANK ("SYNCHRONY BANK") upon information and belief IS A SUBSIDAIRY COMPANY OF CO-DEFENDANT SYNCHRONY FINANCIAL and conducts business within Norfolk County and has a place of business AT 170 WEST ELECTION ROAD, DRAPER, UTAH 84020

## GENERAL FACTS

6. **The Defendant has done nothing to prove that the Plaintiff currently has an account with the defendant, nor has the defendant proven that the Plaintiff has ever had an account in the past with the Plaintiff.**

7. **The THREE NATIONAL CREDIT REPORTING AGENCIES, IN SPITE OF VAIANO'S CONTINUED DENIAL THE ACCOUNT BELONGS TO VAIANO, CONTINUE TO REPORT AN INVALID ACCOUNT ON VAIANO'S CREDIT REPORTS.**

8. **THE REPORTING OF SAID ACCOUNT IS GROSSLY INNACURATE.**

9. **The Plaintiff has never consented to such an account with the defendant.**

10. **On or about June 22nd, 2022 Vaiano tried to reach the defendant because Vaiano obtained A FREE CREDIT REPORT WHICH LISTED the defendant AS HAVING AN ACCOUIT WITH VAIANO.**

11. **No Such account with the plaintiff has ever existed with the defendant.**

12. **First, the Plaintiff called your company via telephone.**

13. **Upon not being able to reach your company via telephone, the Plaintiff attempted to reach your company via email.**

14. **The Plaintiff then attempted to write to the defendant to address this inaccuracy, to no avail.**

15. **Throughout this process, the plaintiff continued to check his account status via the three credit reporting agencies on-line and was highly disturbed by the continuous change in balance to an account with VAIANO'S name on it because VAIANO does NOT have such an account, NOR has Vaiano EVER had an account with SYNCHRONY BANK.**

16. **THE GROSSLY INACCURATE REPORTING OF THIS ACCOUNT HAS BEEN AFFECTING VAIANO'S CREDIT REPORTS AND ACCOUNTS FOR SEVERAL YEARS.**

17.    It certainly could be successfully argued that refusing to take calls from customers with legitimate concerns about the security of their credit accounts could be seen as unfair and deceptive acts or practices.

18.    Worse, your company has FAILED TO INVESTIGATE Vaiano's written complaint that the account was invalid in spite of multiple communications via various modes of media to your company describing the inaccurate reporting of this invalid account being referred to on Vaiano's credit reports.

19.    That is not a respectable way to treat an alleged consumer.

20.    As of the date of this lawsuit, Vaiano's credit report and credit score has continued to be adversely affected.

21.    Who knows whether or not Vaiano's credit will continue to be further affected because of the invalid credit reporting?

22.    Additionally, your company, either itself or through its agents, servants or employees, without right or legal authority, maliciously refused to answer the telephone so your company could respond to Vaiano's sense of security in his credit reporting being used invalidly.

23.    The conduct of your company was willful, intentional, and malicious, apparently with the sole intent to oppress and harass Vaiano.

### COUNT I

### VAIANO V. SUNCHRONY FINANCIAL
### BREACH OF CONTRACT

24. *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

25. On or about JUNE 0F 2022 the plaintiff entered into a quest with agents, servants and/or employees of the defendant to determine why his name and personal information was being used on a fictitious account on Vaiano's credit reports

26. The plaintiff fully performed his duties and responsibilities under the contract.

27. On or about OCTOBER of 2023, PLAINTIFF NOTIFIED THE DEFENDANT THAT THE PLAINTIFF WAS CHALLENGING THE WAY IN WHICH HIS CREDIT CARD WAS BEING HANDLED.

28. The Defendant breached the contract by engaging in the civil wrongs and tortious behavior reflected in the paragraphs above.

*WHEREFORE the Plaintiff demands judgment against Defendant, FOR $5,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

**COUNT II**
**VAIANO V. SYNCHRONY FINANCIAL**
**BREACH OF CONTRACT**

29. *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

30. On or about JUNE 0F 2022 the plaintiff entered into a quest with agents, servants and/or employees of the defendant to determine why his name and personal information was being used on a fictitious account on Vaiano's credit reports

31. The plaintiff fully performed his duties and responsibilities under the contract.

32. The defendant violated the covenant of Good Faith and Fair Dealing inherent in every contract by engaging in the civil wrongs and tortious behavior reflected in the paragraphs of general facts, above.

33. As a direct and approximate result of the defendant's breach of the contract, the plaintiff has suffered damages.

*WHEREFORE the Plaintiff demands judgment against Defendant FOR $5,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

**COUNT III**
**VAIANO V. SYNCHRONY FINANCIAL**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

34. *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

35. The defendant engaged in a MORE THAN 23 month long, regular pattern of intentional outrageous and extreme conduct that goes beyond the bounds of

human decency against the plaintiff.

36. The defendant's ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

37. The wrongdoing of the defendant went far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

38. The behavior of the defendant was atrocious and beyond all bounds tolerated in a civilized society.

39. The defendant's actions were clearly intentional and malicious and were done solely for the purpose of causing the plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

40. As a proximate result of defendant's intentional acts, the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has his reputation ruined.

41. As a direct and proximate result of the Intentional Infliction of Emotional Distress of defendant, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a diminished credit score which effectively reduced what should have been a cheaper cost of credit. That increased credit cost caused plaintiff to suffer from a very poor credit rating caused by misinformation that should have never happened – all due to the Intentional Infliction of Emotional Distress by the defendant.

42. Plaintiff's ability to enjoy life and to attend to plaintiff's usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Intentional Infliction of Emotional Distress.

*WHEREFORE the Plaintiff demands judgment against Defendant FOR $5,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

**COUNT IV**
**VAIANO V. SUNCHRONY FINANCIAL**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

*43. The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

44. The defendant engaged in a MORE THAN 23 month long, regular pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

45. The defendant's on-going behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

46. The wrongdoing of the defendant went far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

47. The behavior of the defendant was atrocious and beyond all bounds tolerated in a civilized society.

48. The defendant's actions were clearly negligent and malicious and were done solely for the purpose of causing the plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

49. As a proximate result of defendant's negligent acts, the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has his reputation ruined.

50. As a direct and proximate result of the Negligent Infliction of Emotional Distress of defendant, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a diminished credit score which effectively reduced what should have been a cheaper cost of credit. That increased credit cost caused plaintiff to suffer from a very poor credit rating caused by misinformation that should have never happened – all due to the Negligent Infliction of Emotional Distress by the defendant.

51. Plaintiff's ability to enjoy life and and to attend to plaintiff's usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Negligent Infliction of Emotional Distress.

*WHEREFORE the Plaintiff demands judgment against Defendant FOR $5,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT V
## VAIANO V. SYNCHRONY FINANCIAL
## VIOLATION OF MASS GEN LAWS CH 93A

52. *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

53.  At all times relevant hereto, Defendant was engaged in trade or commerce within the meaning of Massachusetts statutes.

54. At all times relevant hereto, Plaintiff was also engaged as a consumer within the meaning of Massachusetts statutes.

55.   As both parties at all times relevant hereto, were engaged in trade or commerce within the meaning of Massachusetts statutes, this is a consumer transaction covered under the Massachusetts Consumer Protection Act.

56.   Defendant's behavior represents unconscionable behavior, said behavior which shocks the conscience and are considered unfair and deceptive business practices. It is settled law in Massachusetts and under Federal Law that unfair and deceptive business practices bring with it higher levels of punishment.

57. The defendant has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers, like the plaintiff, from the wrongful behaviors complained of above.

58. As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant the plaintiff has suffered damages.

59. As a direct and proximate result of the of defendant's Violation of the Massachusetts Consumer Protection Act, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a credit inquiry on plaintiff's credit report which effectively diminish his credit score and subsequently led a higher cost of credit all due to the acts in Violation of the Massachusetts Consumer Protection Act.

*WHEREFORE the Plaintiff demands judgment against Defendant FOR $5,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

**COUNT VI**
**VAIANO V. SYNCHRONY BANK**
**BREACH OF CONTRACT**

60. *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

61. On or about JUNE OF 2022 the plaintiff entered into a quest with agents, servants and/or employees of the defendant to determine why his name and personal information was being used on a fictitious account on Vaiano's credit

reports

62. The plaintiff fully performed his duties and responsibilities under the contract.

63. On or about OCTOBER of 2023, PLAINTIFF NOTIFIED THE DEFENDANT THAT THE PLAINTIFF WAS CHALLENGING THE WAY IN WHICH HIS CREDIT CARD WAS BEING HANDLED.

64. The Defendant breached the contract by engaging in the civil wrongs and tortious behavior reflected in the paragraphs above.

*WHEREFORE the Plaintiff demands judgment against Defendant, FOR $5,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

### COUNT VII
### VAIANO V. SYNCHRONY BANK
### BREACH OF CONTRACT

65. *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

66. On or about JUNE 0F 2022 the plaintiff entered into a quest with agents, servants and/or employees of the defendant to determine why his name and personal information was being used on a fictitious account on Vaiano's credit reports.

67. The plaintiff fully performed under the contract.

68. The defendant violated the covenant of Good Faith and Fair Dealing inherent in every contract by engaging in the civil wrongs and tortious behavior reflected in the paragraphs of general facts, above.

69. As a direct and approximate result of the defendant's breach of the contract, the plaintiff has suffered damages.

*WHEREFORE the Plaintiff demands judgment against Defendant FOR $5,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

### COUNT VIII
### VAIANO V. SYNCHRONY BANK
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. *The plaintiff re-alleges and incorporates herein the allegations contained in the*

*paragraphs above as if expressly rewritten and set forth herein.*

71.  The defendant engaged in a MORE THAN 23 month long, regular pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

72. The defendant's ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

73. The wrongdoing of the defendant went far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

74. The behavior of the defendant was atrocious and beyond all bounds tolerated in a civilized society.

75. The defendant's actions were clearly intentional and malicious and were done solely for the purpose of causing the plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

76. As a proximate result of defendant's intentional acts, the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has his reputation ruined.

77. As a direct and proximate result of the Intentional Infliction of Emotional Distress of defendant, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a diminished credit score which effectively reduced what should have been a cheaper cost of credit. That increased credit cost caused plaintiff to suffer from a very poor credit rating caused by misinformation that should have never happened – all due to the Intentional Infliction of Emotional Distress by the defendant.

78. Plaintiff's ability to enjoy life and to attend to plaintiff's usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Intentional Infliction of Emotional Distress.

*WHEREFORE the Plaintiff demands judgment against Defendant FOR $5,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

**COUNT IX**
**VAIANO V. SYNCHRONY BANK**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

79. *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

80. The defendant engaged in a MORE THAN 23 month long, regular pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

81. The defendant's on-going behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

82. The wrongdoing of the defendant went far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

83. The behavior of the defendant was atrocious and beyond all bounds tolerated in a civilized society.

84. The defendant's actions were clearly negligent and malicious and were done solely for the purpose of causing the plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

85. As a proximate result of defendant's negligent acts, the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has his reputation ruined.

86. As a direct and proximate result of the Negligent Infliction of Emotional Distress of defendant, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a diminished credit score which effectively reduced what should have been a cheaper cost of credit. That increased credit cost caused plaintiff to suffer from a very poor credit rating caused by misinformation that should have never happened – all due to the Negligent Infliction of Emotional Distress by the defendant.

87. Plaintiff's ability to enjoy life and to attend to plaintiff's usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Negligent Infliction of Emotional Distress.

*WHEREFORE the Plaintiff demands judgment against Defendant FOR $5,000.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

**COUNT X**
**VAIANO V. SYNCHRONY BANK**
**VIOLATION OF MASS GEN LAWS CH 93A**

88. *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

89. At all times relevant hereto, Defendant was engaged in trade or commerce within the meaning of Massachusetts statutes.

90. At all times relevant hereto, Plaintiff was also engaged as a consumer within the meaning of Massachusetts statutes.

91. As both parties at all times relevant hereto, were engaged in trade or commerce within the meaning of Massachusetts statutes, this is a consumer transaction covered under the Massachusetts Consumer Protection Act.

92. Defendant's behavior represents unconscionable behavior, said behavior which shocks the conscience and are considered unfair and deceptive business practices. It is settled law in Massachusetts and under Federal Law that unfair and deceptive business practices bring with it higher levels of punishment.

93. The defendant has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers, like the plaintiff, from the wrongful behaviors complained of above.

94. As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant the plaintiff has suffered damages.

95. As a direct and proximate result of the of defendant's Violation of the Massachusetts Consumer Protection Act, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a credit inquiry on plaintiff's credit report which effectively diminish his credit score and subsequently led a higher cost of credit all due to the acts in Violation of the Massachusetts Consumer Protection Act.

*WHEREFORE the Plaintiff demands judgment against Defendant FOR $5,000.00 (TOTAL DAMGES OF $50,000.00 TO BE TRIPLED UNDER MASS GEN LAWS CHAP 93A) or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

# PRAYER

**A.** That this Honorable Court order Payment of FIVE THOUSAND DOLLARS ($5,000.00) as compensation for the BREACH OF CONTRACT committed by the defendants in Count I AND VI and the harm resulting to plaintiff from said Breach of Contract.

**B.** That this Honorable Court order Payment of FIVE THOUSAND DOLLARS ($5,000.00) as compensation for the additional acts of BREACH OF CONTRACT committed by the defendants in Count II AND VII, and the harm resulting to plaintiff from said FURTHER BREACH OF CONTRACT.

**C.** That this Honorable Court order Payment of FIVE THOUSAND DOLLARS ($5,000.00) as compensation for the Intentional Infliction of Emotional Distress committed by the defendants in Count III AND VIII, and the harm resulting to plaintiff from said Intentional Infliction of Emotional Distress.

**D.** That this Honorable Court order Payment OF FIVE THOUSAND DOLLARS ($5,000.00) as compensation for the additional Negligent Infliction of Emotional Distress committed by the defendants in Count IV AND IX, and the harm resulting to plaintiff from said Negligent Infliction of Emotional Distress.

**E.** That this Honorable Court order Payment OF FIVE THOUSAND DOLLARS ($5,000.00) as compensation for the violation of the Massachusetts Consumer Protection Act committed by the defendants in Count V AND X, and the harm resulting to plaintiff from said acts which violated the Massachusetts Consumer Protection Act. And, the total damages of FIFTY THOUSAND DOLLARS ($50,000.00) be tripled under that act because the defendant's acts were malicious and designed to punish a consumer for no appropriate reason.

**THE PLAINTIFF CLAIMS TRIAL BY JURY**

**The Plaintiff**
**Pro Se**

**VINCENT VAIANO**
**95 UNIVERSITY AVE APT 2128**
**WESTWOOD, MA 02090**
**sparky.anderson7576@gmail.com**
**(404) 386 5378**
**Dated: May 20, 2024**

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**                                    **TRIAL COURT DIVISION**
                                                   **DEDHAM DISTRICT COURT**
                                                   **CA# 2454 CV 00276**


**VINCENT VAIANO**                          )
     **Plaintiff**                          )
**Vs.**                                     )
                                            )
**SYNCHRONY FINANCIAL, ET AL.**             )
**SYNCHRONY BANK**                          )
     **DEFENDANTS**                       )


     Plaintiff. hereby requests that the defendant answer the following interrogatories
pursuant to Mass. R. Civ. P. 33:

### I. DEFINITIONS

     For the purpose of these interrogatories, the following terms shall mean as
noted below.

    A. "Documents" shall mean, in the broadest sense, any written, recorded or
graphic material, however produced or reproduced and any mechanical or
electrical recording of the human voice or of any information or data, being
both the "document" and any non-identical copy or duplicate, whether
non-identical for any reason, including, but not limited to telegrams; messages;
letters; notes; tape or sound recording of any type of personal or telephone
conversations or of meetings or conferences; speeches; addresses; notes;
reports; record of meetings; memoranda; notices; inter-office communications;
instructions; policy manuals or procedures; studies; analysis; records; surveys;
bulletins; circulars; reports; tests; lists; books; summaries; comparisons;
tabulations; results of investigations; financial statements; consultant or other
reports of financial or operating results, whether made for internal use or
otherwise, together with all supporting schedules, trial balances, journal
entries, books of original entry and supporting source documents; profit and
loss statements; balance sheets; audits; review; contracts; insurance policies;
licenses; agreements; ledgers; books of account; papers filed with public or
governmental authorities; vouchers; bank checks; invoices; expenses reports;
charge slips; hotel charge; receipts; bills; working papers; statistical records;
cost sheets; press releases; advertisements; public relation statements an
materials; promotional materials; contract or bid proposals; abstracts of bids;

booklets; pamphlets; stenographer's notebooks; telephone records or messages; desk calendars; appointment books; diaries; time sheets or logs; maps; data sheets; data processing cards; computer tapes; punched cards; microfilm, microfiche, or any records coded electrostatically, electromagnetically or otherwise, which are machine-readable; computer software programs, descriptions, dictionaries, training manuals or instructions; claim or transaction files; drawings, blueprints (including complete history of revisions), sketches, flow diagrams, photographs, notebooks, instructions, invoices, bills, receipt, specifications, or writings of similar kind.

B.    "Plaintiff" shall mean the plaintiff, VINCENT VAIANO ("VAIANO").

C.    "Defendant" shall mean the defendant, SYNCHRONY FINANCIAL ("SYNCHRONY") and its attorneys, agents, servants and/or employees.

## II. INSTRUCTIONS

In answering these Interrogatories, the following instructions shall be complied with:

A.    The answering party is required to furnish such information as is available to him or her. Therefore, before answering these Interrogatories please make inquiry to any and all attorneys, agents, servants and/or employees and any and all relevant records, documents or materials which are available to the answering party.

B.    Whenever information contained in the answer to any Interrogatory is not within the personal knowledge of the person answering these interrogatories, please specify, in addition to the answer, the (a) name and address of the person or persons supplying the information used in answering the Interrogatory, and (b) the document or documents used in answering the Interrogatory, including the production of any such document or documents.

C.    Whenever an answer to an interrogatory contains the identity of some person or entity other than the answering party specify the name and address of such person and/or entity.

D.    Whenever identification of documents is called for in these Interrogatories, legible copies of the documents shall be furnished in lieu of identification to the extent that the information called for is provided in the document.

E.    Unless otherwise stated, all information requested shall be for the period of January 1, 2010 to the present time, and continuing during the pendency of this action.

**F.  If the answering party objects to answering a particular Interrogatory, the specific ground for such objection shall be stated.**

**g.  If the answering party is unable to answer an interrogatory at the present time due to unavailability of information, and said information becomes available at a subsequent time, the answering party must seasonably supplement their answers to these interrogatories.**

## <u>INTERROGATORIES</u>

1.  **Please state your name, home address, employer's name, employer's address, and, if the defendant is a corporation, your relationship or position with the defendant.**

2.  **Please state the defendant's true name on the date of each occurrence as alleged in the plaintiff's complaint and, if the defendant is a corporation, sate the date and place of incorporation and whether the defendant was authorized to conduct business in Massachusetts.**

3.  **Please identify by name, address and occupation every person having knowledge of the facts of the incidents alleged in the plaintiff's complaint.**

4.  **Please describe in detail the relationship between the defendant and every person involved in the conduct alleged in plaintiff's complaint at the time the conduct occurred, included but not limited to, whether each person was authorized by defendant to engage in such conduct.**

5.  **Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as to the unfair and deceptive acts in violation of the Massachusetts Consumer Protection Act, Chapter 93A.**

6.  **Please state the date and manner in which the defendant first learned of the occurrences alleged in the plaintiff's complaint.**

7.  **If you contend that defendant's conduct, as alleged in the plaintiff's complaint, was reasonable under the circumstances, please state each and every fact on which that contention is based.**

8. If you contend that defendant's conduct, as alleged in the plaintiff's complaint, or the Emotional Distress resulting therefrom was trivial or insubstantial, please state each and every fact on which that contention is based.

9. If you contend that defendant's conduct, as alleged in the plaintiff's complaint, or the intrusion resulting therefrom was not serious, please state each and every fact on which that contention is based.

10. Please describe in detail any conduct of the plaintiff that you contend caused or contributed to the incidents alleged in plaintiff's complaint, including in your answer:

   A)   The date, time and place that all such conduct occurred:
   B)   Exactly how you contend the plaintiff's conduct caused or contributed to the occurrences; and
   C)   Each and every fact on which this contention is based.

11. If you contend that the defendant's conduct, as alleged in plaintiff's complaint, regarding the violation of the Massachusetts Consumer Protection Act, did not harm the plaintiff, please state each and every fact on which this contention is based.

12. Please describe in detail each and every communication, whether written, oral or electronic, between the plaintiff and the defendant concerning the matters alleged in plaintiff's complaint, including:

   a)   The date, time and place of each such communication;

   b)   The name address and relationship to the parties of this action of each and every person present at the time of each such communication;

   c)   The scope of the communication, including the names and addresses of each and every person to whom the matter was communicated; and

   d)   The substance of each such communication.

13. If you contend that the plaintiff's injuries and damages, as alleged in plaintiff's complaint, were the result of the conduct of third parties, for whose conduct the defendant is not liable, please state:

   a)   The name, home address, employer's name, employer's address and relationship, if any, to the defendant for each and every such person;

    **b)**      The precise nature of the conduct that you contend caused or contributed to the plaintiff's alleged injuries or damages;

    **c)**      The date, time and place of each such conduct, including the name of each person involved in that conduct; and

    **d)**      Each and every fact on which this contention is based.

14. Please identify each and every policy, rule or regulation that the defendant has promulgated or adopted with respect to the matters alleged in plaintiff's complaint, including in you answer the substance of each said policy, rule or regulation.

15. Please identify by name, home address, employer's name, employer's address and relationship, if any, to the defendant the custodians of their information regarding the plaintiff as involved in the matters alleged in plaintiff's complaint.

16. Please describe the nature of any information, maintained, held or otherwise in possession of the defendant regarding the plaintiff, as alleged in plaintiff's complaint.

**Vincent Vaiano**
**Pro Se**

**95 University Ave, Apt 2128**
**Westwood, MA 02080**
**404 386 5378**
**Sparky.anderson7576@gmail.com**

**MAY 20, 2024**

# COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**                                      **TRIAL COURT DIVISION**
                                                     **DEDHAM DISTRICT COURT**
                                                     **CA# 2454 CV 00276**


**VINCENT VAIANO**                     )
    **Plaintiff**                           )
**Vs.**                                )
                                       )
**SYNCHRONY FINANCIAL, ET AL.**        )
**SYNCHRONY BANK**                     )
    **DEFENDANTS**                          )


### PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT

    **PLAINTIFF HEREBY REQUESTS, PURSUANT TO MASS. R. CIV. P. 34, THAT THE DEFENDANT PRODUCE THE DOCUMENTS DESCRIBED HEREIN TO THE PLAINTIFF AT 95 UNIVERSITY AVE APT 2128, WESTWOOD, MA 02090 ON OR BEFORE THE 50TH DAY AFTER SERVICE OF THIS REQUEST UPON IT.**

    **FOR THE PURPOSE OF THESE REQUESTS, THE FOLLOWING TERMS SHALL MEAN AS NOTED BELOW.**

### DEFINITIONS

**A. "DOCUMENTS" SHALL MEAN, IN THE BROADEST SENSE, ANY WRITTEN, RECORDED, ELECTRONIC DATA, ELECTRONIC INFORMATION, ELECTRONIC COMMUNICATIONS, OR GRAPHIC MATERIAL, HOWEVER PRODUCED OR REPRODUCED AND ANY MECHANICAL OR ELECTRICAL RECORDING OF THE HUMAN VOICE OR OF ANY INFORMATION OR DATA, IN LONG FORM OR OF AN ELECTRONIC NATURE, BEING BOTH THE "DOCUMENT" AND ANY NON-IDENTICAL COPY OR DUPLICATE, WHETHER NON-IDENTICAL FOR ANY REASON, INCLUDING, BUT NOT LIMITED TO TELEGRAMS; MESSAGES; LETTERS; NOTES; TAPE, SOUND RECORDING, EMAIL, ELECTRONIC DOCUMENT, ELECTRONIC NOTE, TEXT MESSAGE, PHOTO TAKEN ON A SMART PHONE,, OR ANY INFORMATION ENTERED INTO OR SAVED INTO A PHONE APPLICATION, COMPUTER APPLICATION, LAPTOP APPLICATION, OR TABLET APPLICATION OF ANY TYPE OF PERSONAL OR TELEPHONE CONVERSATIONS OR OF MEETINGS OR CONFERENCES; SPEECHES; ADDRESSES; NOTES; REPORTS; RECORD OR MINUTES OF MEETINGS;**

MEMORANDA; NOTICES; INTER-OFFICE COMMUNICATIONS; INTRA-OFFICE COMMUNICATIONS, INSTRUCTIONS; POLICY MANUALS OR PROCEDURES; STUDIES; ANALYSIS; RECORDS; SURVEYS; BULLETINS; CIRCULARS; REPORTS; TESTS; LISTS; BOOKS; SUMMARIES; COMPARISONS; TABULATIONS; RESULTS OF INVESTIGATIONS; FINANCIAL STATEMENTS; CONSULTANT OR OTHER REPORTS OF FINANCIAL OR OPERATING RESULTS, WHETHER MADE FOR INTERNAL USE OR OTHERWISE, TOGETHER WITH ALL SUPPORTING SCHEDULES, TRIAL BALANCES, JOURNAL ENTRIES, BOOKS OF ORIGINAL ENTRY AND SUPPORTING SOURCE DOCUMENTS; PROFIT AND LOSS STATEMENTS; BALANCE SHEETS; AUDITS; REVIEW; CONTRACTS; INSURANCE POLICIES; LICENSES; AGREEMENTS; LEDGERS; BOOKS OF ACCOUNT; PAPERS FILED WITH PUBLIC OR GOVERNMENTAL AUTHORITIES; VOUCHERS; BANK CHECKS; INVOICES; EXPENSES REPORTS; CHARGE SLIPS; HOTEL CHARGE; RECEIPTS; BILLS; WORKING PAPERS; STATISTICAL RECORDS; COST SHEETS; PRESS RELEASES; ADVERTISEMENTS; PUBLIC RELATION STATEMENTS AN MATERIALS; PROMOTIONAL MATERIALS; CONTRACT OR BID PROPOSALS; ABSTRACTS OF BIDS; BOOKLETS; PAMPHLETS; STENOGRAPHER'S NOTEBOOKS; TELEPHONE RECORDS OR MESSAGES; DESK CALENDARS; APPOINTMENT BOOKS; DIARIES; TIME SHEETS OR LOGS; MAPS; DATA SHEETS; DATA PROCESSING CARDS; COMPUTER TAPES; PUNCHED CARDS; MICROFILM, MICROFICHE, OR ANY RECORDS CODED ELECTROSTATICALLY, ELECTROMAGNETICALLY OR OTHERWISE, WHICH ARE MACHINE-READABLE; COMPUTER SOFTWARE PROGRAMS, DESCRIPTIONS, DICTIONARIES, TRAINING MANUALS OR INSTRUCTIONS; CLAIM OR TRANSACTION FILES; DRAWINGS, BLUEPRINTS (INCLUDING COMPLETE HISTORY OF REVISIONS), SKETCHES, FLOW DIAGRAMS, PHOTOGRAPHS, NOTEBOOKS, INSTRUCTIONS, INVOICES, BILLS, RECEIPT, SPECIFICATIONS, OR WRITINGS OF SIMILAR KIND.

B.    "DEFENDANT" SHALL MEAN THE DEFENDANT, SYNCHRONY FINANCIAL, AND ITS ATTORNEYS, AGENTS, SERVANTS AND/OR EMPLOYEES.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    ALL LETTERS, NOTES, RECORDS, PAPERS OR OTHER DOCUMENTS CONTAINING OR REFERRING IN ANY WAY TO ANY COMMUNICATION BETWEEN THE DEFENDANT AND THE PLAINTIFF WITH RESPECT TO THE DEFENDANT'S INTENDED DEFENSE TO THE PLAINTIFF'S CLAIMS, OR ANY OTHER MATTER ALLEGED IN THE PLAINTIFF'S COMPLAINT.

2.    ALL INVESTIGATIVE OR INCIDENT REPORTS REGARDING THE MATTERS ALLEGED IN THE PLAINTIFF'S COMPLAINT PREPARED BY THE DEFENDANT, ELECTRONIC OR OTHERWISE, ITS AGENTS, SERVANTS OR EMPLOYEES, ON ANYONE ACTING ON THE DEFENDANT'S BEHALF.

3. **ALL STATEMENTS OF THE PLAINTIFF, WHETHER WRITTEN OR TRANSCRIBED, FROM ANY SOURCE, ELECTRONIC OR OTHERWISE, REGARDING THE MATTERS ALLEGED IN THE PLAINTIFF'S COMPLAINT.**

4. **ALL STATEMENTS OF THE PLAINTIFF, WHETHER WRITTEN, TRANSCRIBED, ELECTRONIC OR OTHERWISE, FROM ANYONE HAVING KNOWLEDGE OF THE MATTERS ALLEGED IN THE PLAINTIFF'S COMPLAINT OR IN DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT.**

5. **ALL DOCUMENTS THAT RELATE IN ANY WAY TO THE DEFENSES RAISED BY THE DEFENDANT IN ITS ANSWERS TO PLAINTIFF'S COMPLAINT, ELECTRONIC OR OTHERWISE, INCLUDING, BUT NOT LIMITED TO ANY RELEASE, WAIVER OR CONSENT BY THE PLAINTIFF.**

6. **ALL REPORTS, MEMORANDA, EMAILS, ELECTRONIC TRANSMISSIONS, TEXT MESSAGES, ELECTRONIC NOTES, ELECTRONIC DOCUMENTS, ELECTRONIC TRANSMISSIONS, AND THE LIKE THAT REFLECT OR EVIDENCE THE ORAL CONTRACT ENTERED INTO BY THE DEFENDANT WITH THE PLAINTIFF AS ALLEGED IN THE PLAINTIFF'S COMPLAINT.**

7. **ALL REPORTS, MEMORANDA, EMAILS, ELECTRONIC TRANSMISSIONS, TEXT MESSAGES, ELECTRONIC NOTES, ELECTRONIC DOCUMENTS, AND THE LIKE THAT REFLECT OR EVIDENCE THE VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT BY THE DEFENDANT AS ALLEGED IN THE PLAINTIFF'S COMPLAINT.**

8. **THE CURRICULUM VITAE FOR EACH AND EVERY EXPERT WITNESS THE DEFENDANT EXPECTS TO CALL AS A WITNESS AT THE TRIAL OF THIS MATTER INCLUDING ALL COMMUNICATION WITH SAID EXPERT VIA EMAIL, TEXT MESSAGE, ELECTRONIC NOTES, ELECTRONIC DOCUMENTS, AND THE LIKE.**

9. **ALL DOCUMENTS INCLUDING EMAILS, ELECTRONIC TRANSMISSIONS, TEXT MESSAGES, ELECTRONIC NOTES, ELECTRONIC DOCUMENTS, AND THE LIKE THE DEFENDANT INTENDS TO INTRODUCE AT TRIAL.**

10. **ALL DOCUMENTS CONCERNING THE TESTIMONY THAT DEFENDANTS EXPECT THEIR EXPERT WITNESSES TO OFFER AT TRIAL OF THIS MATTER, INCLUDING ALL COMMUNICATIONS, EMAILS, ELECTRONIC TRANSMISSIONS, TEXT MESSAGES, ELECTRONIC NOTES, ELECTRONIC DOCUMENTS, AND THE LIKE WITHOUT LIMITATION:**

    a)       DOCUMENTS AND/OR RECORDS, ELECGTRONIC OR OTHERWISE, THAT ANY SUCH EXPERT WITNESS HAS STUDIED OR WILL STUDY IN CONNECTION WITH HIS OR HER TESTIMONY;

    b)       STUDIES CONCLUDED BY THE EXPERT WITNESS;

    c)       EXPERT REPORTS SUBMITTED TO DEFENDANTS; AND

    d)       PRELIMINARY DOCUMENTS GENERATED BY ANY EXPERT WITNESS BUT NOT INCLUDED IN THE EXPERT REPORT.

11. ALL DOCUMENTS CONCERNING EXPERTS THE DEFENDANT HAS CONSULTED BUT DO NOT ANTICIPATE CALLING AS WITNESSES TO TESTIFY AT THE TRAIL OF THIS MATTER, INCLUDING WITHOUT LIMITATION, ANY REPORTS BY ANY CONSULTING EXPERT(S) TO DEFENDANT.

12. COPIES OF ANY COMPLAINTS OR REPORTS MADE BY THE PLAINTIFF TO ANYONE CONCERNING THE FACTS ALLEGED IN THE PLAINTIFF'S COMPLAINT.

13. COPIES OF ANY AND ALL COMMUNICATIONS BY, BETWEEN OR AMONG THE DEFENDANT, INCLUDING ALL MEMBERS OF THE BOARD OF DIRECTORS, MANAGEMENT TEAM AND/OR ANY GOVERNMENTAL, LAW ENFORCEMENT OR OTHER INDUSTRY-RELATED ENTITY INCLUDING THE DEPARTMENT OF JUSTICE, THE FBI, THE CIA, THE NSA, AND ANY OTHER GOVERNMENT RELATED AGENCIES INCLUDING, BUT NOT LIMITED TO ALL ELECTRONIC TRANSMISSIONS, EMAILS, TEXT MESSAGES, ELECTRONIC REPORTS GENERATED CONCERNING THE PLAINTIFF, AND THE LIKE CONCERNING THE FACTS ALLEGED IN THE PLAINTIFF'S COMPLAINT.

14. COPIES OF ANY AND ALL COMMUNICATIONS BY, BETWEEN OR AMONG THE DEFENDANT, INCLUDING ALL MEMBERS OF THE BOARD OF DIRECTORS, MANAGEMENT TEAM AND/OR ANY OTHER CORPORATE ENTITY, AND/OR CORPORATE SHAREHOLDERS WHO OWN MORE THAN 5% OF DEFENDANT'S PUBLICALLY TRADED SHARES, AND ANY OTHER CORPORATE RELATED AGENCIES INCLUDING, BUT NOT LIMITED TO ALL ELECTRONIC TRANSMISSIONS, EMAILS, TEXT MESSAGES, ELECTRONIC REPORTS GENERATED CONCERNING THE PLAINTIFF, AND THE LIKE CONCERNING THE FACTS ALLEGED IN THE PLAINTIFF'S COMPLAINT.

15. COPIES OF ANY AND ALL DOCUMENTATION OF CLAIMS, OTHER THAN THE INSTANT CLAIM, MADE AGAINST THE DEFENDANT FOR ALLEGED VIOLATION OF GL C 93A WITHIN THE PERIOD FROM JANUARY 1, 2020 TO PRESENT.

16.  ALL LETTERS, COMMUNICATIONS, ELECTRONIC TRANSMISSIONS, EMAILS, TEXT MESSAGES, ELECTRONIC NOTES, FROM UNHAPPY CONSUMERS OVER THE PAST THREE YEARS INTO THE PAST FROM THE DATE MAY 15, 2024 INCLUDING, BUT NOT LIMITED TO ANY RECORDS OR COMMUNICATIONS OF ANY EVENTS WITHIN WHICH A CONSUMER COMPLAINED CONCERNING THE DETAILS CONTAINED IN THE COMPLAINT.

17. ALL THE METADATA (DEFENDANT IN-APP METADATA, IN-HOUSE COMPUTER, LAPTOP, TABLET, AND TEXT-MESSAGES FOR ALL EMPLOYEES MANAGEMENT LEVEL AND UP, INCLUDING, BUT NOT LIMITED TO MANAGEMENT TEAMS AND THE BOARD OF DIRFECTORS) FOR ANY PERSON, EMPLOYESS, PROGRAMMERS, MANAEGEMENT, OR DIRECTOR WHO IS/WAS INVOLVED IN THE DECISION-MAKING PROCESS OR PROGRAMMING PROCESS FOR UPDATES, AND FOR DEFENDANT ALTERATIONS TO DEFENDANT'S SOFTWARE AS WELL AS NOT GIVING CONSUMERS MORE THAN A SINGLE CHOICE.

18. ALL DEFENDANT IN-APP METADATA, COMPUTER, LAPTOP, TABLET, AND TEXT-MESSAGES CONCERNING ANY CHANGES TO THE DEFENDANT'S SMARTPHONE SOFTWARE, CHANGES TO SAID SOFTWARE, CONSIDERATIONS FOR CHANGES TO SAID SOFTWARE, ANY COMMUNICATION BETWEEN ANY DIRECTOR WITH THE U.S. GOVERNMENT, DEPARTMENT OF JUSTICE, FBI, CIA, NSA, OR ANY OTHER GOVERNMENT AGENCY OR EMPLYEE CONCERNING IN REGARDS TO VIOLATING CONSUMER'S PRIVACY OR SHARING CONSUERM'S DATA.

19. ANY AND ALL EMAILS AND/OR TEXT-MESSAGES EXCHANGED BETWEEN ALL EMPLOYESS, CONSULTANTS, OR CONTRACTORS OF DEFENDANT INCLUDING MANAGEMENT TEAMS AND ABOVE INCLUDING, BUT NOT LIMITED TO DIRECTORS OF THE COMPANY WHO ARE INVOLVED IN THE CORPORATE PROGRAM DESIGN AND DECISION MAKING PROCESS.

**Vincent Vaiano**
**Pro Se**

**95 University Ave, Apt 2128**
**Westwood, MA 02080**
**404 386 5378**
**sparky.anderson7576@gmail.com**
**May 20, 2024**